**The TRAVELERS INSURANCE COMPANY, Plaintiff,**

v.

**BLUE CROSS OF WESTERN PENNSYLVANIA, Defendant.**

Civ. No. 68–89.

United States District Court
W. D. Pennsylvania.

Jan. 16, 1969.

Eckert, Seamans & Cherin, Pittsburgh, Pa., for plaintiff.

Buchanan, Ingersoll, Rodewald, Kyle & Buerger, Burgwin, Ruffin, Perry, Pohl & Springer, Pittsburgh, Pa., for defendant.

## MEMORANDUM

SORG, District Judge.

■ This Motion for Summary Judgment presents a single issue. Do the activities and transactions of Blue Cross of Western Pennsylvania, a corporation, (hereinafter called "Blue Cross"), constitute state action as opposed to private action so as to exclude them from the proscription by federal law of restraint upon trade or monopolization? As stated in Eastern Railroad Presidents Conference et al. v. Noerr Motor Freight, Inc., et al., 365 U.S. 127, pp. 135–136, 81 S.Ct. 523, p. 528, 5 L.Ed.2d 464:

"It has been recognized, at least since the landmark decision of this Court in Standard Oil Co. v. United States, 221 U.S. 1, at 51–62, 31 S.Ct. 502, 55 L.Ed. 619, that the Sherman Act forbids only those trade restraints and monopolizations that are created, or attempted, by the acts of 'individuals or combinations of individuals or corporations'. Accordingly, it has been held that where a restraint upon trade or monopolization is the result of valid governmental action, as opposed to private action, no violation of the Act can be made out. (United States v. Rock Royal Co-op., 307 U.S. 533, 59 S.Ct. 993, 83 L.Ed. 1446; Parker v. Brown, 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315). These decisions rest upon the fact that under our form of government the question whether a law of that kind should pass, or if passed be enforced, is the responsibility of the appropriate legislative or executive branch of government so long as the law itself does not violate some provision of the Constitution."

The plaintiff, Travelers Insurance Company, (hereinafter called "Travelers"), has filed a complaint against Blue Cross seeking relief from its alleged unreasonable restraint of competition among Blue Cross, Travelers, and other health insurance carriers, in violation of Section 1[1] of the Sherman Act, and the alleged attempt by Blue Cross to monopolize the business of providing hospitalization coverage in violation of Section 2[2] of the Sherman Act. It is conceded that the effects of the acts complained of

1. 15 U.S.C.A. Sec. 1: "Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal * * *."

2. 15 U.S.C.A. Sec. 2: "Every person who shall monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several States, or with foreign nations, shall be deemed guilty of a misdemeanor * * *."

on interstate commerce and the nature of the acts, whether unreasonably restraining competition or monopolistic vel non, are not brought into issue by Blue Cross' Motion for Summary Judgment. Nor does Blue Cross claim exemption as an insurance business under the McCarren Act.[3] It bases its Motion for Summary Judgment exclusively on the theory that its acts constitute valid governmental action by the Commonwealth of Pennsylvania.

Under the terms of the Pennsylvania Non-Profit Hospital Plan Act, 1937, June 21, P.L.1948, Blue Cross, having been previously organized under the Pennsylvania Non-Profit Corporation Law approved May 5, 1933, P.L. 289, for the purpose of establishing, maintaining and operating a non-profit hospital plan became subject to regulation by the Pennsylvania Insurance Department in the following respects: the rates charged to its subscribers; all rates of payments to hospitals; all its acquisition costs in connection with the solicitation of subscribers; the reserves it must maintain; the certificates its may issue representing subscribers' agreements; and any and all contracts it may enter into with any hospital. Any action by Blue Cross in the aforesaid respects without the prior approval of the Insurance Department was and is unlawful, although an appeal to the Court of Common Pleas of Dauphin County from the Insurance Department's refusal of an application for approval is provided for by the Hospital Plan Act. Blue Cross was and is also required to file annual statements with the Insurance Department, and its books and records are subject to examination by that Department. Its dissolution or liquidation is subject both to prior approval by the Insurance Department and to supervision by the Insurance Commissioner. It is also extended an exemption from taxation by the Commonwealth of Pennsylvania and its political subdivisions.

Blue Cross does not dispute that it is a private entity within the scope of the Sherman Act, but contends that, because each and every one of the acts of which plaintiff complains falls within the categories enumerated above, and because they were not only approved but directed by the Insurance Department, such acts are the responsibility of the Commonwealth of Pennsylvania and are, therefore, beyond the reach of the Sherman Act. (The transactions complained of consist, in general, of contracts with various hospitals, containing preferential payment schedules, etc., allegedly acquired by Blue Cross as a result of its dominant position in the field of hospital payment plans.)

The gist of Travelers' contentions is that the activities of Blue Cross cannot constitute state action unless the state extends to it an identity within the framework of state government—that if it is to share governmental immunity it must be, in effect, established by the government for a particular governmental purpose; that the state action to be exempted must be specifically authorized by statute; and that the state does not endow a private entity with a governmental attribute by mere regulation or supervision in the public interest.

■ An analysis of the cases cited by both parties reveals that where a "state action" exclusion from the scope of the Sherman Act has been sanctioned by the courts, a particular pattern emerges from the statute under which such action is taken. Not only does the legislature create the entity involved or endow it with governmental character, but it also directs and authorizes that entity by means of the same statute to utilize anticompetitive means to achieve a specific governmental purpose. For example, in Parker v. Brown, 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315 (1943), the California legislature not only created prorate raisin districts but author-

3. 15 U.S.C.A. Sec. 1012(b): "No Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance * * *."

ized them to limit production artificially in order to correct adverse market conditions. Such behavior, if manifested without government direction, would be contrary to federal antitrust legislation. Similarly, in Allstate Insurance Co. v. Lanier, D.C., 242 F.Supp. 73, 361 F.2d 870 (4 Cir. 1966), a case upon which defendant relies heavily as authority for its motion, the statute not only created the North Carolina Automobile Rate Administrative Office and provided for its regulation by the state insurance commissioner but also expressly authorized price-fixing, an activity proscribed under antitrust laws, in order to protect the people of North Carolina from excessive premiums. In E. W. Wiggins Airways, Inc. v. Massachusetts Port Authority, 362 F.2d 52 (1 Cir. 1966), the Massachusetts legislature not only created the Massachusetts Port Authority but also endowed it with certain sovereign powers (such as eminent domain) and enabled the Authority to operate the Boston airport as a monopoly. On the other hand, no case cited by the parties nor discoverable through extensive research reveals any authority ascribing "state action" immunity either to a private entity or to the transactions of a state agency which were not mandated or directed by legislative enactment. That regulation and supervision alone do not constitute a delegation of governmental authority is well established. United States v. Utah Pharmaceutical Association, D.C., 201 F.Supp. 29 (1962); California v. Federal Power Commission, 369 U.S. 482, 82 S.Ct. 901, 8 L.Ed.2d 54 (1962). Further, the Pennsylvania Non-profit Hospital Plan Act is completely silent in matters that have to do with restraint of trade. It is, therefore, deemed appropriate to apply the test suggested in Parker v. Brown, 317 U.S. 341, at p. 352, 63 S.Ct. 307, at p. 314, 87 L.Ed. 315, as follows:

" * * * It is the state which has created the machinery for establishing the prorate program. * * * The state itself exercises its *legislative authority* in making the regula-

tion and in prescribing the conditions of its application. * * * " [Emphasis Added]

 Blue Cross fails to meet the apparent standards inherent in a "state action" exclusion from the scope of the Sherman Act in two respects. It is the creature of individuals—not the state—and it has not been extended valid governmental authority to engage in monopolistic practices.

Although Travelers has indicated a factual dispute concerning Blue Cross' assertion that the insurance commissioner directed or approved all the activities about which Travelers complains, this issue is deemed immaterial, and the Motion for Summary Judgment will be denied on the basis of those facts that are not in dispute.

An appropriate order will be entered.