The **TRAVELERS INSURANCE COMPANY**, Plaintiff,

v.

**BLUE CROSS OF WESTERN PENNSYLVANIA**, Defendant.

Civ. A. No. 68–89.

United States District Court
W. D. Pensylvania.

Nov. 10, 1969.

**220**

Eckert, Seamans & Cherin, Pittsburgh, Pa., George D. Brodigan, Hartford, Conn., for plaintiff.

Burgwin, Ruffin, Perry, Pohl & Springer, Pittsburgh, Pa., for defendant.

Bredhoff, Gottesman & Cohen, Washington, D. C., and A. E. Lawson, Pittsburgh, Pa., for United Steelworkers, intervenor.

## MEMORANDUM and ORDER

SORG, District Judge.

It having been determined on defendant Blue Cross' previous Motion for Summary Judgment that it is not immune as a state agency from the provisions of the Federal Anti-Trust Laws, Blue Cross has filed a second Motion for Summary Judgment claiming the exemption extended by the McCarran Act, infra, to those engaged in the business of insurance.

Blue Cross does compete with other insurance carriers in the field of hospitalization coverage and its practices in all respects concerning which plaintiff Travelers complains are regulated by the Insurance Commissioner of Pennsylvania, as is more fully set forth in this court's memorandum filed on January 16, 1969, in connection with defendant's first Motion for Summary Judgment, D.C., 298 F.Supp. 1109. Travelers asserts, however, that the practices complained of, whether regulated and approved by the Pennsylvania Insurance Commissioner or not, are specifically excepted from the McCarran Act exemption in that they affect competition through "boycott, coercion and intimidation."

Section 2(b) of the McCarran-Ferguson Insurance Regulation Act, 15 U.S.C.A. § 1012, provides: "No Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any·State for the purpose of regulating the business of insurance, * * *." Section 3(b) of the same Act, 15 U.S.C.A. § 1013, however, declares: "Nothing contained in this chapter shall render * * the said Sherman Act inapplicable to any * * * act of boycott, coercion, or intimidation."

 Travelers alleges that Blue Cross, exercising the competitive advantage of one writing over seventy percent of the hospitalization coverage in West-

ern Pennsylvania, exacts from reluctant hospitals an agreement to accept payment for hospital services to its subscribers in amounts less than the charges made to non-subscribers of Blue Cross. Travelers alleges that such discounts are obtained by intimidation on the part of Blue Cross —that a refusal to pay for hospital services to its subscribers by one who dominates the field of hospital benefit plans, except on discriminatory terms, constitutes an act of "boycott, coercion and intimidation." Blue Cross counters that its acts are unassailable because they are mandated by the Insurance Commissioner of Pennsylvania. The doctrine enunciated in Weiner v. Hospital Service Plan, 13 Pa.Dist. & Co.R.2d 689, aff'd. per curiam in 187 Pa.Super. 244, 144 A.2d 575, however, to the effect that a statute requiring prior approval by a state insurance department of a non-profit hospitalization plan does not authorize the department to grant a monopoly to any one such corporation, compels the corollary that the department cannot thereby validate monopolistic practices by any one corporation. That all insurance industry acts of boycott, coercion, or intimidation condemned by the Sherman Act are subject to federal law is also clearly established in Monarch Life Insurance Company v. Loyal Protective Life Insurance Company, 326 F.2d 841 (2 Cir. 1963), cert. den. 376 U.S. 952, 84 S.Ct. 968, 11 L.Ed. 2d 971.

Travelers has, therefore, raised substantial factual issues concerning the competitive position and the competitive practices of Blue Cross in the insurance industry, which preclude the ascribing of McCarran Act immunity to the defendant on the present state of the record.

It is ordered that the defendant's Motion for Summary Judgment be and the same is hereby denied.

It is further ordered that on or before December 1, 1969, the parties submit a proposed pretrial order to be entered in lieu of that which was entered on April 30, 1969.